

### OFFICE OF THE ATTORNEY GENERAL OF TEXAS
#### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. A. E. Hickerson
County Auditor
Conroe, Texas

Dear Sir:

Opinion No. O-1546
Re: When order of sale may
issue on tax judgment.

We received your letter of September 14, 1939, in which you request our opinion on the following question:

"When a taxpayer settles his delinquent taxes by a compromise judgment, and a decree is signed by the district judge, how long does that taxpayer have to settle this judgment?"

We found only two statutes governing the issuance of the writ of execution by the clerks of the district and county courts. Since there is no special statute relating to the time of the issuance of orders of sale on tax judgments, such orders of sale are governed by the general statutes in this respect. Article 3770, Revised Civil Statutes of Texas, reads as follows:

"After the adjournment of a district or county court, the clerk thereof shall tax the costs in every case in which a final judgment has been rendered, and issue execution to enforce such judgment and collect such costs."

Article 3771, Revised Civil Statutes, reads:

"After the expiration of twenty days from and after the rendition of a final judgment in the district or county court, and after the overruling of any motion therein for a new trial or in arrest of judgment, if no supersedeas bond on appeal or writ of error has been filed and approved, the clerk shall issue execution upon such judgment upon application of the successful party."

A close reading of these statutes reveals that execution may issue after the adjournment of the court or after the expiration of twenty days from and after the rendition of a final judgment. The time within which the execution may issue is regulated by the date of the rendition of the judgment and not by the date of its entry. 18 T. J. 581.

The duty to issue an execution imposed on the clerk after the adjournment of the court does not arise until application is made for the writ by the owner of the judgment. The owner of the judgment, i.e., the plaintiff or his transferee, has exclusive control over its collection and is the only person entitled to call for the writ. Arthur vs. Driver, 127 S.W. 891; 18 T. J. 559.

Having pointed out above the earliest time within which the order of sale may issue, we would further observe that at any time thereafter the county attorney may cause the order of sale to issue unless the judgment is paid.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Hirschle Johnson
Assistant

HJ:pbp

APPROVED DEC 4, 1939

ATTORNEY GENERAL OF TEXAS